Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4268 | **DATE** | 10/10/2001 |
| **CASE TITLE** | JAMES GALDIKAS, et al. vs. STUART FAGAN, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion to dismiss [9-1] Counts I, IV, V, and VI is granted. The motion to dismiss Counts II and III is denied. Defendants shall answer Counts II and III by October 19, 2001. On the court's own motion, defendants "unnamed, known security guards" are dismissed without prejudice. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 2 2001 date docketed | 17 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 11 PM 4: 51 | 10/11/2001 date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

DOCKETED
OCT 1 2 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES GALDIKAS, et al. | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 4268 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| STUART FAGAN, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are a group of 35 graduate students at Governor's State Univeristy ("GSU") in University Park, Illinois. Defendants are GSU officers and Board of Trustees. Plaintiffs also sue seven unnamed GSU security guards, who must be dismissed without prejudice pursuant to Rule 4(m), Federal Rules of Civil Procedure. Plaintiffs allege violations of their Fourteenth Amendment rights of substantive (Count I) and procedural due process (Count IV), their First Amendment right of free speech (Counts II and III), promissory estoppel (Count V), and common law fraud (Count VI). Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

### BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving party. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).

1

## A. The Parties

Plaintiffs were at all relevant times enrolled in GSU's graduate school of social work education ("graduate program"). GSU is a public, state run institution. Defendant Stuart Fagen is the current president of GSU. Defendant Paula Wolfe was GSU's previous president until Fagen succeeded her in August 2000. Defendants Harry Klein, Nathan McGee, Kristi DeLaurentis, Lorine Samuels, Kathleen Field Orr, Jack Beaver and Bruce Friefeld were at all relevant times members of the Board of Trustees. Defendant Joan Porche was acting chair of the graduate program. Defendant Jesse McDonald was Director of the Department of Children and Family Services, an agency of the State of Illinois. All defendants are sued in their individual capacities only.

## B. Facts

Plaintiffs claim that defendants induced them into matriculating into GSU's graduate program by falsely advertising that the program was approved for accreditation by the National Council of Social Work Education. Graduates of unaccredited programs are unable to become licensed social workers in Illinois. Plaintiffs allege that defendants knew the program was not to be accredited but continuously asserted that the program was approved or would be approved to gain accreditation. Plaintiffs also claim that defendants took no steps to gain accreditation, hired unqualified people into the program, and maintained an inadequate curriculum knowing that such practices would result in the program remaining unaccredited.

The program was denied accreditation on at least two occasions between 1997 and 2000. On or about November 2000, GSU informed students in the graduate program for the first time that they would be graduating from an unaccredited degree program and thus would not be able to sit for the licensure examination. Sometime thereafter, defendants terminated the graduate program, including

2

clinical courses.

On approximately January 29, 2001, defendants sponsored a fund raising event at GSU to honor former graduates and to raise funds at a scholarship dinner. Plaintiffs were invited to the event and some plaintiffs paid for admission to the scholarship dinner. Plaintiffs appeared at GSU to peacefully protest the actions complained of in this lawsuit with pickets and signs. Because of the attempted protest, defendants had plaintiffs removed from GSU grounds, canceled academic classes in which plaintiffs were enrolled, closed the library, and prevented plaintiffs from reentering the grounds to attend the scholarship dinner.

## DISCUSSION

### I. Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint and not the merits of the lawsuit. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). In examining a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999). A complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### II. Substantive Due Process Claim

Plaintiffs contend that defendants deprived them of a property interest in an education in violation of the Fourteenth Amendment substantive due process clause. Defendants contend this claim fails because plaintiffs do not have a fundamental right to an accredited graduate school education.

3

The substantive due process clause protects against "government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (U.S. 1997). When performing a substantive due process analysis, the court must narrowly formulate the asserted constitutional right. After formulating the asserted right, the court must ask whether it is "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it was] sacrificed." *Id.* at 720-21 (citations omitted).

The asserted right at issue here is the right to an accredited graduate school education. "Although students may have some substantive due process rights while they are in school, education itself is not a fundamental right." *Dunn v. Fairfield Cmty. High Sch. Dist. No. 225*, 158 F.3d 962, 966 (7th Cir. 1998). Moreover, it cannot be argued that the right to an accredited graduate school education is deeply rooted in this nation's history and traditions. Therefore, the right to an accredited graduate school education is not a fundamental right or liberty interest protected by the substantive due process clause. Plaintiffs also argue that defendants' conduct "shocks the conscience." But the specialized "shocks the conscience" analysis is not applicable here. That analysis applies only in limited circumstances, such as high-speed police chases. The fundamental rights analysis is generally applicable to all substantive due process claims. *Khan v. Gallitano*, 180 F.3d 829, 836 (7th Cir. 1999). Accordingly, plaintiffs' substantive due process claim must be dismissed with prejudice.

### III. First Amendment Conspiracy Claim

Plaintiffs claim that defendants engaged in a conspiracy to deprive plaintiffs of their First Amendment right to protest. Defendants contend this claim fails because the scholarship dinner was a nonpublic forum and defendants' actions were reasonable, viewpoint-neutral restrictions on speech. However, even if defendants' argument is correct, they fail to recognize that the complaint alleges

4

plaintiffs were not just excluded from the scholarship dinner. Plaintiffs were removed from the GSU campus. Comp., ¶ 33.

The extent to which a state institution may restrict speech depends on the nature of the forum. If the forum is public, exclusion is permitted only if it is necessary to achieve a compelling state interest and the exclusion is narrowly tailored to meet that interest. If the forum is nonpublic, the exclusion must be reasonable and viewpoint neutral. *Cornelius v. NAACP Legal Defense and Educ. Fund, Inc.,* 473 U.S. 788, 800 (1985). GSU is a state institution and its campus may be considered a public forum. Even assuming the campus is a non-public forum, plaintiffs may be able to show that removing them from the campus was an unreasonable, overly broad, viewpoint based suppression of speech that violated their First Amendment rights. Under liberal notice pleading, "[a] suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir. 1995).

Alternatively, defendants argue they are protected by the doctrine of qualified immunity that protects officials from liability if their conduct did not violate clearly established rights obvious to a reasonable person. *Khuan v. Sch. Dist. 110,* 123 F.3d 1010, 1013 (7th Cir. 1997). Plaintiffs may be able to show that defendants violated their clearly established First Amendment rights. For example, plaintiffs may be able to offer evidence showing defendants conspired to unreasonably restrict plaintiffs' access to the campus in order to suppress their viewpoints. Therefore, the issue of qualified immunity is premature. Accordingly, defendants' motion to dismiss plaintiffs' First Amendment conspiracy claim must be denied.

## IV. First Amendment Retaliation Claim

Plaintiffs allege defendants excluded them from GSU's campus, canceled academic classes in which they were enrolled, and closed the library in direct response to their attempted protest. Defendants move to dismiss this claim as conclusory.

In order to establish a First Amendment claim, plaintiffs must demonstrate that their conduct was constitutionally protected and that their protected conduct was a substantial or motivating factor in the defendants' actions. *Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 618 (7th Cir. 2001). Defendants contend that plaintiffs fail to allege facts showing their conduct was protected or that defendants' actions were motivated by plaintiffs' conduct. Plaintiffs' claim is not conclusory. Plaintiffs allege defendants denied them access to the GSU campus, canceled plaintiffs' academic classes, closed the library, and prevented them from attending the scholarship dinner because of plaintiffs attempted protest. Comp., ¶ 33. Plaintiffs allege that their conduct was constitutionally protected by the First Amendment and that defendants' challenged actions were in response to plaintiffs' protected conduct. Comp., ¶ 33, 49. Thus, plaintiffs have provided sufficient factual allegations to state a First Amendment claim.

Alternatively, defendants argue they are protected by the doctrine of qualified immunity. However, as discussed above, plaintiffs may be able to show that defendants violated their clearly established rights by retaliating against them for protesting. Therefore, the availability of qualified immunity must await development of the record.

## V. Due Process Claim

Plaintiffs claim that defendants violated their right to due process under the Fourteenth Amendment by knowingly making false representations regarding the accreditation status of the

6

graduate program. To state a procedural due process claim, plaintiffs must allege that state actors deprived them of a constitutionally protected property interest without due process. *See Easter House v. Felder,* 910 F.2d 1387, 1394 (7th Cir. 1990). Whether a plaintiff has a protected property interest is determined by reference to state law. *Qvyjt v. Lin,* 932 F. Supp. 1100, 1006 (N.D. Ill. 1996). Plaintiffs' claim fails for two reasons. First, even if plaintiffs could establish a protected property interest in an accredited degree, plaintiffs do not allege that defendants deprived them of that right. Plaintiffs allege that the National Council of Social Work Education is responsible for approving the accreditation of graduate programs, not defendants. Comp., ¶ 19, 29. Second, the complaint does not allege deprivation of property without due process. Due process means "some kind of notice and . . . some kind of hearing" provided by the state before the state deprives a person of property. *Goss v. Lopez,* 419 U.S. 565, 579 (1975). But plaintiffs do not allege that they were denied a hearing. Rather, they allege defendants committed fraud by falsely representing that the graduate program would be accredited. Courts should "avoid turning the Fourteenth Amendment into a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Easter House,* 910 F.2d at 1404. Accordingly, plaintiffs due process claim must be dismissed with prejudice.

## VI. Promissory Estoppel Claim

Plaintiffs' next claim is based on the doctrine of promissory estoppel. Plaintiffs must establish: (1) an unambiguous promise; (2) reasonable and justifiable reliance on the promise; (3) the reliance must have been expected and foreseeable by the promisor; and (4) injury. *Fischer v. First Chicago Capital Mkts., Inc.,* 195 F.3d 279, 283 (7th Cir. 1999). Plaintiffs' allegations fail to establish an unambiguous promise.

Plaintiffs allege defendants falsely promised them that the graduate program would be accredited. Comp., ¶ 14. But the complaint does not allege who made these promises or by what method they were made. Moreover, the complaint describes the content of the purported promises only in vague and general terms. Thus, the allegations fail to establish an unambiguous promise as required under Illinois law. *See Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (promissory estoppel claim futile where no unambiguous words of promise or obligation); *State Bank of Standish v. Curry*, 500 N.W.2d 104, 108 (Mich. 1993) ("the sine qua non of the theory of promissory estoppel is that the promise be clear and definite"). Accordingly, plaintiffs' promissory estoppel claim must be dismissed without prejudice.

## VII. Common Law Fraud Claim

Defendants argue that plaintiffs' common law fraud claim should be dismissed because plaintiffs fail to plead fraud with particularity. Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud . . . be stated with particularity." Thus, the complaint must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (citation omitted).

Plaintiffs' complaint fails this test. The content of the communications are only given in vague terms and plaintiffs do not specify the method by which specific misrepresentations were made. Plaintiffs allege the misrepresentations occurred from September 1997 to December 2000, but do not give any specific dates on which an alleged misrepresentation occurred. Comp., ¶ 22. More importantly, plaintiffs do not identify any specific individuals who made a misrepresentation. Rather, plaintiffs simply assert that defendants as a group made misrepresentations. *See, e.g.,*

Comp., ¶ 18, 21. These vague allegations do not meet the particularity requirement of Rule 9(b). *See, e.g., Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 992 (7th Cir. 1991) (affirming dismissal of claim where complaint failed to allege specific content of misrepresentations, or provide the identity of the person making the communications); *A.I. Credit Corp. v. Hartford Computer Group, Inc.*, 847 F. Supp. 588, 597 (N.D. Ill. 1994) (complaint failed particularity requirement where "[o]nly the month, not the date, of each communication was given, and no location is mentioned" and the "content of each communication is given only in vague and general terms"). Accordingly, plaintiffs' common law fraud claim must be dismissed without prejudice.

## VIII. Other Grounds

Defendants seek dismissal of the entire complaint for failing to allege facts suggesting that defendants individually participated in the challenged conduct. In § 1983 actions, an individual cannot be held liable unless he caused or participated in constitutional deprivations. Merely being a supervisor is not enough. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Although plaintiffs' allegations do not detail the individual role of each defendant, the complaint alleges that all defendants caused or participated in the challenged conduct. Therefore, under the liberal notice pleading requirement, plaintiffs' allegations on the surviving counts are sufficient to withstand a motion to dismiss.

## CONCLUSION

Defendants' motion to dismiss is granted in part and denied in part. Counts I and IV are dismissed with prejudice. Counts V and VI are dismissed without prejudice. The motion as to Counts II and III is denied.

October 10, 2001

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge